UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No.   M-19-2203-S3 |
| JOSE EDUARDO OLVERA-GUERRERO<br>ERICK DE JESUS CASTILLO-GUERRERO<br>PEDRO ENRIQUE SANCHEZ-VAZQUEZ<br>PORFIRIO LUCIANO-GARCIA<br>MARIBEL GASSER-CASTILLO<br>GABRIELA SALINAS<br>MARIA TRINIDAD GARCIA | § § § § § § § | |
| MANUEL ALONSO SOLIS<br>also known as "Pisos"<br>GEORGE ENRIQUE VARGAS<br>also known as "Kike"<br>GABRIEL VARGAS<br>also known as "Gabby" | § § § § § § | |
| RICARDO VARGAS | § § | |

**SEALED THIRD SUPERSEDING INDICTMENT**

THE GRAND JURY CHARGES:

Count One

On or about October 3, 2016 through on or about November 24, 2019, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

JOSE EDUARDO OLVERA-GUERRERO
ERICK DE JESUS CASTILLO-GUERRERO
PEDRO ENRIQUE SANCHEZ-VAZQUEZ
PORFIRIO LUCIANO-GARCIA
MARIBEL GASSER-CASTILLO
GABRIELA SALINAS
MARIA TRINIDAD GARCIA


MANUEL ALONSO SOLIS
also known as "Pisos"
GEORGE ENRIQUE VARGAS
also known as "Kike"
GABRIEL VARGAS
also known as "Gabby"

did knowingly and intentionally conspire and agree together and with other persons known and unknown to the Grand Jurors, to possess with intent to distribute a controlled substance. The

controlled substance involved was 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

### Count Two

On or about August 5, 2019 in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**JOSE EDUARDO OLVERA-GUERRERO**
**ERICK DE JESUS CASTILLO-GUERRERO**
and
**GABRIELA SALINAS**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 14 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

### Count Three

On or about November 5, 2019, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**ERICK DE JESUS CASTILLO-GUERRERO**
**PEDRO ENRIQUE SANCHEZ-VAZQUEZ**
**PORFIRIO LUCIANO-GARCIA**
and
**MARIBEL GASSER-CASTILLO**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 13 kilograms of a

mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

### Count Four

On or about November 24, 2019, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**PORFIRIO LUCIANO-GARCIA**
and
**MARIBEL GASSER-CASTILLO**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 11 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

### Count Five

On or about July 25, 2019 through on or about November 24, 2019, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**JOSE EDUARDO OLVERA-GUERRERO**
**ERICK DE JESUS CASTILLO-GUERRERO**
**PORFIRIO LUCIANO-GARCIA**
**MARIBEL GASSER-CASTILLO**
and
**GABRIELA SALINAS**

did knowingly and intentionally conspire and agree together and with other persons known and unknown to the Grand Jurors, to import into the United States of America from the United Mexican

States a controlled substance. The controlled substance involved was 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 963, 960(a)(1), and 960(b)(1).

### Count Six

On or about August 5, 2019, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**JOSE EDUARDO OLVERA-GUERRERO
ERICK DE JESUS CASTILLO-GUERRERO
and
GABRIELA SALINAS**

did knowingly and intentionally import into the United States of America from the United Mexican States a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 14 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1) and Title 18, United States Code, Section 2.

### Count Seven

On or about November 24, 2019, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**PORFIRIO LUCIANO-GARCIA
and
MARIBEL GASSER-CASTILLO**

did knowingly and intentionally import into the United States of America from the United Mexican States a controlled substance. The controlled substance involved was 5 kilograms or more, that

is, approximately 11 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1) and Title 18, United States Code, Section 2.

### Count Eight

On or about February 14, 2014 through on or about February 12, 2020, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**GEORGE ENRIQUE VARGAS**
**also known as "Kike"**
**GABRIEL VARGAS**
**also known as "Gabby"**

did knowingly and intentionally conspire and agree together and with other persons known and unknown to the Grand Jurors, to possess with intent to distribute a controlled substance. The controlled substance involved was 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B).

### Count Nine

On or about February 12, 2020, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

did knowingly and intentionally possess with the intent to distribute approximately 160 milligrams

of a mixture and substance containing a detectable amount of lysergic acid diethylamide (LSD), a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C).

### Count Ten

On or about February 14, 2014 through on or about March 10, 2020, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**MARIA TRINIDAD GARCIA**
**MANUEL ALONSO SOLIS**
also known as "Pisos"
**GEORGE ENRIQUE VARGAS**
also known as "Kike"
**GABRIEL VARGAS**
also known as "Gabby"

together and with others known and unknown to the Grand Jurors, did knowingly and intentionally conspire and agree with one another and others to commit certain offenses against the United States as follows:

(a)   knowing that the property involved in a financial transaction represented proceeds of some form of unlawful activity, did conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity, that is; the felonious importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, punishable under any law of the United States, contrary to Title 21, United States Code, Sections 841(a)(1), 846 and Sections 952(a), 960(a)(1), and 963, with the intent to promote the carrying on of specified unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity and to avoid a transaction reporting requirement under State and

Federal law, contrary to Title 18 United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i); and

(b) did transport, transmit and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds (1) from a place in the United States to and through a place outside the United States (2) with the intent to promote the carrying on of specified unlawful activity, that is, the felonious importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, punishable under any law of the United States, contrary to Title 21, United States Code, Sections 841(a)(1), 846 and Sections 952(a), 960(a)(1) and 963 and Title 18, United States Code, Section 1956(a)(2)(A);

All in violation of Title 18, United States Code, Section 1956(h).

### Count Eleven

On or about February 12, 2020, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**RICARDO VARGAS**

knowing he was a felon, having been convicted of the following crimes punishable by imprisonment for a term exceeding one year:

(1) Theft of a Firearm and Theft of More than $2,500 in cause number CR-3187-18-J in the 430th Judicial District Court in Hidalgo County, Texas on October 31, 2019;

(2) Smuggling of Persons in cause number CR-3223-18-J in the 430th Judicial District Court in Hidalgo County, Texas on October 31, 2019;

did knowingly and unlawfully possess in and affecting interstate and foreign commerce ammunition namely, twenty Smith & Wesson rounds of ammunition; two rounds of Winchester .45 Auto caliber ammunition; and one round of Starline .45 caliber ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

### Count Twelve

On or about January 1, 2019, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

### RICARDO VARGAS

knowing he was under indictment for the following crimes punishable by imprisonment for a term exceeding one year:

(1) Theft of a Firearm and Theft of More than $2,500 in cause number CR-3187-18-J in the 430th Judicial District Court in Hidalgo County, Texas on October 31, 2019;

(2) Smuggling of Persons in cause number CR-3223-18-J in the 430th Judicial District Court in Hidalgo County, Texas on October 31, 2019;

did knowingly and unlawfully receive a firearm, namely, a Kimber Pro Crimson Carry II .45 caliber pistol, which had been shipped or transported in interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 922(n) and 2.

### Count Thirteen

On or about November 5, 2019, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

### PEDRO ENRIQUE SANCHEZ-VAZQUEZ

an alien who had previously been denied admission, excluded, deported and removed knowingly and unlawfully entered, attempted to enter and was at any time found in the United States, to wit, near San Juan, Texas, said defendant not having obtained the consent to reapply for admission into the United States from the Attorney General of the United States and Secretary of Homeland Security, the successor, pursuant to Title 6, United States Code, Sections 202(3), 202(4), and 557.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b).

## NOTICE OF FORFEITURE
## 18 U.S.C. § 982; 21 U.S.C. § 853; 28 U.S.C. 2461(c)

Pursuant to Title 18, United States Code, Section 982; Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), the United States gives notice to defendants,

**MARIA TRINIDAD GARCIA**
**MANUEL ALONSO SOLIS**
also known as "Pisos"
**GEORGE ENRIQUE VARGAS**
also known as "Kike"
and
**GABRIEL VARGAS**
also known as "Gabby"

that in the event of conviction for an offense charged in the Indictment, the United States intends to seek forfeiture of all property, real or personal, involved in the offense and any property traceable thereto, as provided by Title 18, United States Code, Section 982; Title 21, United States Code, Section 853. The property to be forfeited includes, but is not limited to, approximately $870,000.00 in United States Currency.

### Money Judgment

Defendant is notified that upon conviction, a monetary judgment may be imposed equal to the total value of the property subject to forfeiture.

### Substitute Assets

Defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of defendant,

> (A) cannot be located upon the exercise of due diligence;
>
> (B) has been transferred or sold to, or deposited with, a third party;
>
> (C) has been placed beyond the jurisdiction of the court;
>
> (D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

RYAN K. PATRICK
UNITED STATES ATTORNEY

_____
ASSISTANT UNITED STATES ATTORNEY